UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AFI HOLDINGS OF ILLINOIS, LLC,

    Plaintiff,

v.
                                  Case No: 2:17-cv-491-FtM-99CM

WATERMAN BROADCASTING,
GRAHAM HUNTER, LISA
SPOONER, PETER BUSCH and
JOSEPH DORN,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff AFI Holdings of Illinois, LLC's Motion to Extend the Time to Disclose Expert Witness Reports filed on August 17, 2018. Doc. 47. Defendants filed a response in opposition on August 22, 2018. Doc. 49. Currently, Plaintiff's deadline for the disclosure of expert reports is August 17, 2018 and Defendants' deadline is September 17, 2018. Doc. 17 at 1. The parties' discovery deadline is November 16, 2018. *Id.* Plaintiff requests that the Court extend Plaintiff's deadline for the disclosure of expert reports by "at least 30 days" to September 17, 2018. Doc. 47 at 5. For the reasons stated herein, the motion is granted.

Plaintiff filed this case on June 27, 2017 in the Circuit Court of the Twentieth Judicial Circuit, Lee County, Florida, alleging claims for defamation and commercial disparagement and seeking damages of more than $1,200,000 for loss of sales. Doc. 2 ¶¶ 1, 37-48. Defendant Waterman Broadcasting, Inc. ("Waterman") removed the

case to federal court on August 29, 2017 based on diversity jurisdiction. Doc. 1. Plaintiff filed an Amended Complaint on December 28, 2017 to add employees of Waterman as additional defendants. Doc. 22. Waterman is a Florida news broadcasting corporation and Plaintiff AFI Holdings, Inc. d/b/a Happy Leaves, Inc. is an Illinois corporation mainly involved in distributing hemp oil extract to manufacturers and consumers. Doc. 22 ¶¶ 2, 3, 12. Plaintiff alleges federal and state law permit Plaintiff to sell hemp oil extract throughout the United States. *Id.* ¶¶ 17, 19 (citations omitted). As part of its business strategy, Plaintiff sold hemp oil products on the website "Groupon." *Id.* ¶ 23.

Plaintiff claims on July 1, 2016, Waterman aired a segment on its newscast about Plaintiff's hemp oil sales and that Waterman "made knowingly false and/or reckless statements" about Plaintiff "as a way to sensationalize its story." *Id.* ¶ 29. Specifically, Plaintiff alleges Waterman reports falsely claimed that Plaintiff's product was "pot" and "medical marijuana" and that there was "no way to know exactly what's in this stuff without buying it and testing it[.]" *Id.* ¶ 31-33. Plaintiff claims Groupon discontinued all sales of Plaintiff's product because of the Waterman story. *Id.* ¶ 44. On July 14, 2016, Waterman released a statement retracting its July 1, 2016 story about Plaintiff's product. *Id.* ¶ 47. Plaintiff alleges Plaintiff's "sales were devastated" as a direct result of Waterman's false statements. *Id.* ¶ 50.

Plaintiff seeks an extension to disclose expert reports to include "at least one expert with respect to damage calculation." Doc. 47 at 3. Plaintiff seeks an extension of at least thirty days to September 17, 2018. *Id.* at 5. Plaintiff's counsel

anticipates tendering an expert on "valuation of lost sales" to determine the amount of money Plaintiff lost because of Waterman's allegedly false broadcast. *Id.* at 3. Plaintiff's counsel states he was "until recently unaware that Defendants' defamatory statements" caused BMO Harris Bank to close Plaintiff's bank account shortly after the Waterman segment aired, and Plaintiff recently subpoenaed the bank statements from March to August 2016, the timeframe establishing "sales before and after the segment[.]" *Id.* Further, Plaintiff claims the delay in disclosing its expert reports is due in part to Waterman denying knowledge of its reporters' involvements in response to the original complaint, necessitating the filing of the Amended Complaint to name individual reporters as defendant. *Id.* at 2. Plaintiff claims a delay in written discovery responses from Defendants also is partly to blame. *Id.* at 3. Further, Plaintiff argues Defendants would not be prejudiced by the requested extension due to the "current posture of discovery" and the dispositive motions deadline of December 21, 2018. *Id.* at 5. Plaintiff also notes Waterman served it with a request for production of the bank statements at issue on August 15, 2018. *Id.* at 4.

Defendants argue Plaintiff failed to establish good cause for the extension and that Plaintiff has "had sufficient time to identify and hire an expert, provide that person with all relevant documents, and obtain the expert's report." Doc. 49 at 2. Defendants claim Plaintiff does not explain why the alleged delay in discovery impacts Plaintiff's ability to comply with the expert disclosures deadline, and the unavailability of the bank statements at issue does not constitute good cause. *Id.* at

4. Defendant also notes that Plaintiff states a precise figure in the Amended Complaint for damages, which further "undercuts the claim the bank statements are required for an expert report." *Id.* at 4-5. Further, Defendants claim they will be unduly prejudiced by any delay as they will not be able to tender their expert reports by September 17, 2018 if Plaintiff's deadline is extended. *Id.* at 9.

Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). Thus, a party must demonstrate both good cause and excusable neglect for filing an untimely motion. *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009). When evaluating whether a party has shown excusable neglect, the Court should consider "'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimating System, Inc. v. Riney*, 130 F.3d. 996, 997-98 (11th Cir. 1997) (quoting *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993)). Additionally, under the Middle District of Florida Local Rules, the movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery. M.D. Fla. R. 3.09(b).

Here, the Court finds good cause to grant the motion and extend the expert disclosure deadline by thirty days and finds Defendants will not be unduly prejudiced by the extension. This is Plaintiff's first request for an extension of time to disclose its expert reports, and although Plaintiff does not specify why it was unaware that

BMO Harris Bank closed its bank account, Plaintiff alleges it only recently became of aware of the closed bank account and the possible effect of the bank statements on the calculation of damages. *See* Doc. 47 at 3. Plaintiff represents it recently subpoenaed the bank statements for its expert to review. *Id.* Further, Plaintiff anticipates tendering only one expert on the issue of damages and has given Defendants an indication of the approximate amount of damages already. *See* Doc. 22 ¶ 50. The parties also still have over two months to conduct additional discovery and the dispositive motions deadline is not until December 21, 2018. *See* Doc. 17 at 1. In an effort to mitigate any prejudice to Defendants, the Court will extend Defendants' expert disclosures by thirty days as well. Finally, extending the expert disclosures deadlines by thirty days will not affect any other deadlines in the Case Management and Scheduling Order ("CMSO").

ACCORDINGLY, it is

**ORDERED:**

Plaintiff AFI Holdings of Illinois, LLC's Motion to Extend the Time to Disclose Expert Witness Reports (Doc. 47) is **GRANTED**. Plaintiff shall have up to and including **September 17, 2018** to provide their expert disclosures. Defendants shall have up to and including **October 17, 2018** to provide their expert disclosures. All other directives and deadlines set forth in the CMSO (Doc. 17) remain unchanged.

DONE and ORDERED in Fort Myers, Florida on this 7th day of September, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record