UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AFI HOLDINGS OF ILLINOIS, LLC,

    Plaintiff,

v.

    Case No: 2:17-cv-491-FtM-99CM

WATERMAN BROADCASTING,
GRAHAM HUNTER, LISA
SPOONER, PETER BUSCH and
JOSEPH DORN,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff AFI Holdings of Illinois, LLC's Motion to Extend the Time to Disclose Expert Report of Briggs P. Stahl filed on September 17, 2018 and Defendants Waterman Broadcasting Corp., Peter Busch, Lisa Spooner, and Graham R. Hunter's Motion to Strike Expert Witnesses and Expert Witness Disclosures of Plaintiff filed on September 25, 2018. Docs. 51, 53. Defendants filed a response in opposition to Plaintiff's Motion on September 24, 2018, and Plaintiff filed a response in opposition to Defendants' motion to strike on October 9, 2018. Docs. 52, 55. For the reasons stated below, the motion to extend the expert disclosures deadline is granted and the motion to strike is denied.

Rules 6 and 16 of the Federal Rules of Civil Procedure require a showing of good cause for extending a deadline or modifying a court's scheduling order. Fed. R. Civ. P. 6(b), 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker*

*Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). In other words, the moving party must demonstrate it could not meet the deadline despite its diligent efforts. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 807-CV-1024-T-17EAJ, 2009 WL 413531, at *2 (M.D. Fla. Feb. 18, 2009). District courts have broad discretion when managing their cases, including discovery and scheduling. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). Rule 37 provides the court with discretion to impose sanctions for a party's failure to timely disclose information or a witness as required by Rule 26(a) and (e). Fed. R. Civ. P. 37(c). "Witness preclusion is a harsh sanction that should be imposed sparingly[.]" *St. Cyr v. Flying J. Inc.*, No. 3:06-cv-13-J-33TEM, 2007 WL 2936243, at *4 (M.D. Fla. Oct. 9, 2007).

Plaintiff's original expert disclosures deadline was August 17, 2018. Doc. 17. Plaintiff previously requested, and the Court granted, an extension to September 17, 2018. Docs. 47, 50. On the new deadline, Plaintiff filed a second motion to extend its expert disclosures deadline. Doc. 51. Plaintiff requests an extension of "at least 30 days" from the September 17, 2018 deadline to disclose the report of an expert on damages. *Id.* at 1, 6. Plaintiff tendered expert disclosures of three other experts on September 17, 2018. *Id.* at 2-3. The extension allegedly is necessitated by Plaintiff's inability to retrieve bank statements that will assist the expert in determining the amount Plaintiff lost due to Defendants' allegedly defamatory statements that Plaintiff's hemp product was actually marijuana. *Id.* at 3-4.

Plaintiff states good cause exists because the bank was unable to respond to its subpoena until September 25, 2018. *Id.* at 4. Defendants argue that an extension will unduly prejudice them because they will be unable to depose Plaintiff's expert on damages before the discovery deadline. Doc. 52 at 2.

Defendants' motion to strike requests that the Court strike the expert reports Plaintiff tendered on September 17, 2018 relating to experts on toxicology and marijuana/hemp. Doc. 53 at 1-2. Defendants seek to strike the reports because Plaintiff's previous motion for extension "focused on the need for an extension of the disclosure deadline for a ***damages expert***." *Id.* at 2 (emphasis in original). Plaintiff responds that its motion requested an extension to serve expert reports relating to at least an expert on damages, not solely an expert on damages, and the motion to strike should be denied. Doc. 55 at 4-5.

The Court finds good cause to extend the expert disclosures deadline and will deny the motion to strike experts. Plaintiff has shown some diligence in attempting to meet the Court's deadlines and obtain the bank statements at issue; and contrary to Defendants' assertions, the deadlines may be extended without delaying the trial term. *See* Doc. 51 at 3-4; Doc. 52 at 9-10. Further, Plaintiff has disclosed reports of two experts and, because the subpoenaed materials were received September 25, 2018, should be prepared to disclose the damages expert report immediately. *See* Doc. 51 at 3-4. The Court will deny the motion to strike because Plaintiff disclosed the other expert reports by the September 17, 2018 deadline, and the Court's Order extending the deadline did not state that Plaintiff was limited to disclosing only

certain types of experts by that deadline. *See* Doc. 51 at 2-3; Doc. 50. Further, denying the motion to extend the deadline or granting the motion to strike would effectively preclude Plaintiff from presenting witnesses at trial on important issues, including damages, and "witness preclusion is a harsh sanction that should be imposed sparingly[.]" *St. Cyr*, 2007 WL 2936243 at *4. Plaintiff is cautioned, however, that the Court may be less lenient in the future if it fails to comply with the Court's orders and deadlines set forth in the Case Management and Scheduling Order. "The Court's deadlines are not suggestions that can be ignored." *Perez v. Garrow*, No. 2:14-cv-67-FTM-38CM, 2014 WL 4285384, at *1 n.3 (M.D. Fla. Aug. 28, 2014). To mitigate any prejudice to Defendants, the Court will extend Defendants' expert disclosure deadline and extend the discovery deadline for the limited purpose of deposing expert witnesses, to ensure Defendants have an opportunity to depose Plaintiff's last expert. All other dates in the CMSO shall remain unchanged.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff AFI Holdings of Illinois, LLC's Motion to Extend the Time to Disclose Expert Report of Briggs P. Stahl (Doc. 51) is **GRANTED**. Plaintiff shall have up to and including **October 22, 2018** to provide its final expert disclosure. Defendants shall have up to and including **November 22, 2018** to provide their expert disclosures. The discovery deadline is extended to **December 7, 2018** for the **limited purpose of expert depositions.** All other directives and deadlines set forth in the CMSO (Doc. 17) remain unchanged.

2. Defendants Waterman Broadcasting Corp., Peter Busch, Lisa Spooner, and Graham R. Hunter's Motion to Strike Expert Witnesses and Expert Witness Disclosures of Plaintiff (Doc. 53) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of October, 2018.

*[Signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record